**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Lisa A. Bryant,

     Plaintiff

v.

Madison Management Services, LLC and
Waldman & Porras, PLLC,

     Defendants

Case No.: 2:20-cv-00594-JAD-EJY

**Order Granting in Part Motion to Dismiss
with Leave to Amend**

[ECF Nos. 9, 16]

Lisa Bryant sues Madison Management Services, LLC and Waldman & Porras, PLLC, alleging that they violated the Fair Debt Collection Practices Act (FDCPA) and various state laws when they tried to collect on a past-due loan that she claims was fraudulently obtained.[1] The defendants move to dismiss, arguing that the complaint is merely a menagerie of conclusory allegations, misnames a defendant, and seeks relief for an issue that is moot.[2]  Bryant seeks leave to amend, attaching her proposed amendments, which she argues remedy the problems outlined by the defendants' motion.[3]  Because Bryant's complaint fails to sufficiently allege facts to state her state law claims and one of her theories under the FDCPA,  I grant the defendants' motion to dismiss and grant her request for leave to amend in part.  Bryant may amend her complaint if she can allege unfair or unconscionable conduct under the FDCPA, a deficiency in the defendants' exercise of the power of sale, and a communication that damaged her title in land.

---

[1] ECF No. 1 (complaint).

[2] ECF No. 9 (motion to dismiss).

[3] ECF No. 16 (motion for leave to amend).

**Background**[4]

In the early 2000s, Bryant purchased her Henderson, Nevada home with a loan that was secured by a deed of trust.[5]  Years after she took out the first loan against her home, a second loan on the property was obtained through Accredited Home Lenders for more than $90,000.[6] Bryant claims that she had no knowledge of the second loan until years later when the loan servicer changed hands and the assignee, Madison Management Services, notified her of the switch.[7]  Once she learned that there was another security interest in her home, Bryant informed Madison that she believed the loan had been fraudulently obtained.[8]  And because Bryant believed that the second loan was a scam, she did not make any payments on it.

Months later, Madison's counsel, Waldman & Porras, sent Bryant a notice of the payments missed on that second loan and of Madison's intent to demand full payment under the loan's acceleration clause.[9]  Bryant again disputed the debt and, over the next few months, continually told Madison and Waldman & Porras that the loan was fraudulent.[10]  In 2019, Madison and Waldman & Porras formally filed their notice of default and election to sell Bryant's property.[11]

---

[4] This is merely a summary of facts that Bryant alleges in her complaint and should not be construed as findings of fact.

[5] ECF No. 1 at ¶ 8.

[6] *Id.* at ¶ 10.

[7] *Id.* at ¶¶ 12–13, 15.

[8] *Id.* at ¶ 16.

[9] *Id.* at ¶ 17.

[10] *Id.* at ¶ 18–20.

[11] *Id.* at ¶ 21.

Bryant sued the two earlier this year, asserting three claims: violation of the FDCPA, violation of NRS 107.080, and slander of title.[12]  The defendants now move to dismiss Bryant's action, arguing that she has failed to state a claim for relief and that the notice they filed was rescinded, mooting her claims.  They add that Bryant's misnaming of Waldman & Porras as merely "Porras" rendered her service of process insufficient.  Bryant seeks to amend her complaint to cure these deficiencies.

## Discussion

### I.   Motion to dismiss [ECF No. 9]

#### A.   Bryant need not meet Rule 9(b)'s pleading standard because her claims do not sound in fraud.

Federal Rule of Civil Procedure 8 requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[13]  While Rule 8 does not require detailed factual allegations, a properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face" to survive a motion to dismiss.[14]  This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[15]  In other words, a complaint must make direct or

---

[12] ECF No. 1.

[13] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[14] *Twombly*, 550 U.S. at 570.

[15] *Iqbal*, 556 U.S. at 678.

inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[16]

Rule 9 however, imposes more stringent pleading requirements. Under Rule 9(b), allegations of fraud require a complaint to "state with particularity the circumstances constituting fraud." This requires that the complaint identify "'the who, what, when, where, and how of the misconduct charged' as well as 'what is false or misleading about the purportedly fraudulent statement, and why it is false.'"[17] Rule 9(b) also applies to claims that "sound in fraud."[18]

The parties dispute which standard Bryant must meet. The defendants argue that Bryant's claims rise and fall with her allegations of fraud, so Rule 9(b) sets the bar for her pleading. But this argument is unavailing because, as Bryant notes, she has not pled a fraud claim against the defendants. And though she references a fraud, she has not pled that the defendants were part of that fraud. Instead, her claims are based on an allegation that she told the defendants the loan was fraudulently obtained, so their continued attempts at collection were illegal. Thus Bryant's claims themselves do not sound in fraud, and she does not have to meet Rule 9(b)'s heightened pleading standard. And although the defendants' arguments rely heavily

---

[16] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[17] *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)) (brackets omitted).

[18] *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003)).

on extrinsic evidence they submit with their motion, I decline to transform this 12(b)(6) motion into one for summary judgment at this stage of the litigation, and I do not consider it.[19]

### B.    Bryant's claims under the FDCPA

In her first claim for relief, Bryant seeks to hold the defendants liable under 15 U.S.C. § 1692(e)(2) and (f), arguing that the defendants knew that the loan they attempted to collect on was fraudulently procured, so filing a notice of default and election to sell was an unfair debt-collection practice.[20]  She claims that, because she consistently told the defendants that she had not signed the second loan, the defendants knew she was not responsible for the debt, yet they hounded her for payment anyway.  The defendants argue that several paragraphs of Bryant's complaint do not clear Rule 8's hurdle because they are merely recitations of the law.[21]

Under § 1692(e), debt collectors are prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."[22]  This prohibition extends to falsely representing "the character, amount, or legal status of any debt."[23]  "Material false representations . . . are those that could 'cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort.'"[24]

---

[19] In evaluating a motion to dismiss under Federal Rule 12(b)(6), courts must accept as true all well-pled factual allegations in the complaint, *Iqbal*, 556 U.S. at 678–79, and "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KMPG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[20] ECF No. 1 at ¶¶ 34–37.

[21] ECF No. 9 at 6.

[22] 15 U.S.C. § 1692(e)

[23] *Id.* § 1692(e)(2)(A).

[24] *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 776 (9th Cir. 2017) (quoting *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1121 (9th Cir. 2014)).

Bryant identifies three of the defendants' representations, which she claims are false: "that she was in default on her obligations under" the loan, that "she owed sums which were not in fact due," and "that they would foreclose upon the [h]ome."[25]  She alleges that these were false statements because she did not procure the second loan, so the debt was not hers to pay.[26]  The defendants argue that these allegations do not include any material facts and that because her notarized signature is on the loan document, she cannot state a claim for relief.[27]  But at this stage, the question is not whether Bryant can prove her claim or the defendants have a meritorious defense; it is whether the facts that Bryant has pled, taken as true, state a claim for relief.[28]  By alleging that she never signed the second loan and thus was not required to repay it, Bryant has sufficiently pled a claim under § 1692(e).

But the same is not true of Bryant's theory under § 1692(f).  Section 1692(f) states that debt collectors "may not use unfair or unconscionable means to collect or attempt to collect any debt."[29]  Bryant alleges that the defendants violated this section of the FDCPA "by filing the [n]otice and threatening to file a subsequent similar notice . . . if Bryant did not reinstate the [l]oan despite having notice that the same was procured through fraud."[30]  But this statement merely parrots the law and does not allege facts giving rise to an FDCPA violation.  Bryant also does not allege any facts to show that this practice was an unfair or unconscionable means of

---

[25] ECF No. 1 at ¶ 34.

[26] *Id.*

[27] ECF No. 9 at 6–7.

[28] The defendants attach a copy of what they claim is the attested loan document, verifying that the debt was not false.  ECF No. 16-3.  But because the defendants move to dismiss under Rule 12(b)(6), I do not consider this evidence.  *Swartz*, 476 F.3d at 763.

[29] 15 U.S.C. § 1692(f).

[30] ECF No. 1 at ¶ 36.

collecting the debt.  Even if the loan was fraudulently obtained, that alone does not get her past

the pleading stage for this claim.  Because I am not convinced that she cannot state sufficient

facts, I dismiss this claim insofar as it relies on this theory under § 1692(f) with leave to amend.[31]

### C.    Bryant's claim under NRS 107.080(2)(c) fails to state a claim for relief.

Bryant's second claim for relief seeks an order setting aside the defendants' notice of

default and intent to accelerate and enforce the power of sale under NRS 107.080.  She alleges

that, because the loan was illegal, the defendants failed to comply with NRS 107.080(2)(c) by

exercising their power of sale.[32]  This statute provides the procedural requirements lenders must

meet to exercise their right, along with a remedy for a title holder.[33]

The defendants argue that Bryant's request for equitable relief is moot because the notice

was already set aside earlier this year.  They add that this recission occurred before they

exercised the power of sale, citing the statute's section on foreclosure sales.  Bryant responds

that, under § 107.080(2)(a)(2), the defendants were not allowed to exercise the power of sale

because the underlying loan was fraudulent.  But this section does not address such conduct.

Section 107.080(2)(a)(2) instead prohibits a lienholder from exercising a power of sale until the

defaulting party has been given 35 days to cure the issues in performance or payment of the

loan.[34]  So because Bryant has not alleged any facts that show the defendants violated the

procedural foreclosure requirements under this section, I grant the defendants' motion to dismiss

this claim without prejudice.  Because it appears that a Chapter 107 claim is a poor fit for these

---

[31] Because I grant Bryant leave to amend her federal claims, I deny the defendants' request to dismiss the state-law claims for lack of subject-matter jurisdiction.

[32] ECF No. 1 ¶ 41.

[33] Nev. Rev. Stat. § 107.080(8).

[34] *Id.* § 107.080(2)(a)(2).

facts, and Bryant's proposed amended complaint fails to cure this problem, I do so without leave to amend this claim.

### D.   Bryant fails to state a slander-of title claim.

In her final claim for relief, Bryant sues the defendants for slander of title.  To state such a claim in Nevada, a plaintiff must show that (1) the defendant made a false and malicious communication that was disparaging to the plaintiff's title in land and (2) the plaintiff sustained special damages from this communication.[35]  Malice requires proof "that the defendant knew that the statement was false or acted in reckless disregard of its truth or falsity."[36]

The defendants argue that Bryant's complaint lacks allegations of malice, while Bryant maintains that the recording of the notice sufficiently "demonstrates all three."[37]  Bryant alleges that the defendants are liable for slander of title because they "are claiming an interest in [her] [h]ome that [they] know or should know is based on a document that is forged, contains a material misstatement or is otherwise invalid."[38]  But which action forms the basis for this claim is murky.

Bryant alleges that the defendants filed, rescinded, and threatened to refile a notice of default if she did not pay the overdue amount.[39]  She adds that she "tried numerous times to refinance her [h]ome, but was denied because of the fraudulent [s]econd [m]ortgage."[40]  But given that she is not claiming that the defendants are responsible for the fraudulent loan, it is

---

[35] *Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998).

[36] *Rowland v. Lepire*, 662 P.2d 1332, 1335 (Nev. 1983).

[37] ECF No. 14 at 8.

[38] ECF No. 1 at ¶ 45.

[39] *See id.* at ¶¶ 21–24.

[40] *Id.* at ¶ 27.

unclear what act forms the basis for this claim.  If it is the communication that the defendants sent her, then she cannot state a claim for slander of title because the disparaging information must be published to a third party.[41]  If it is merely that the second loan was obtained, she also cannot state a claim because she has not alleged that the defendants were responsible for fraudulently procuring it.  But if she was damaged because of the notice of default and intent to sell that the defendants filed or recorded, then she may have a claim for relief.  Because the complaint lacks any of these facts, I grant the defendants' motion to dismiss this claim but give Bryant another shot at pleading it.

## E.    Dismissal under Rule 12(b)(4)

Bryant names "Defendant Madison Management Services, LLC" and an unnamed defendant, which she defines as "W&P" in her complaint.[42]  Her caption lists this unnamed defendant as "Porras, PLLC."[43]  But as the defendants note, there is no professional limited-liability company with that name in Nevada.  Rather, it appears that Bryant intended to name "Waldman & Porras, PLLC."  Because Waldman & Porras is misnamed in the caption, I grant the defendants' motion to dismiss and grant Bryant leave to amend her complaint to correctly name Waldman & Porras, PLLC.

## II.    Motion for leave to amend [ECF No. 16]

Federal Rule 15(a) directs courts to "freely give leave [to amend] when justice so requires."  And the Ninth Circuit has instructed that leave to amend be granted with "extreme

---

[41] *See* Restatement (Second) of Torts § 624 (1977); *Rowland*, 662 P.2d at 1335.

[42] ECF No. 1 at ¶¶ 6, 7.

[43] ECF No. 1.

liberality."[44]   Bryant seeks to amend her complaint to correctly name Waldman & Porras, PLLC; amend its factual allegations to note that a deed of reconveyance was filed, which released Bryant from her obligations under the loan; and to clarify her statutorily defective foreclosure claim.  She includes a proposed amended complaint which corrects the misnamed defendant, and adds three new allegations: American Title filed a deed of reconveyance in 2018, which released Bryant from the loan;[45] despite the 2018 reconveyance, the defendants filed the notice of default;[46] and the reconveyance has not been rescinded.[47]   The defendants do not oppose this request.

While I do not find that amendment would be futile, Bryant's proposed amendments do not fully resolve her pleading deficiencies.  The new facts are helpful in resolving the issues the defendants raised about her seemingly mooted state-law claims, but they do not cure the problems that I identify in this order.  So I grant Bryant's motion for leave to amend in part.  She may file an amended complaint with the new facts she proposes and to name the right defendant.  But the amended complaint may not include a Chapter 107 claim, and it must contain additional true facts to cure the other deficiencies identified in this order.

### Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **[ECF No. 9] is GRANTED in part.**  Bryant's claims under 15 U.S.C. § 1692(f) and her claim for slander of

---

[44] *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted).

[45] ECF No. 16-1 at ¶ 20.

[46] *Id.* at ¶ 22.

[47] *Id.* at ¶ 24.

title are dismissed without prejudice and with leave to amend; her claim under NRS Chapter 107 is dismissed without leave to amend but also without prejudice.

IT IS FURTHER ORDERED that Bryant's motion for leave to amend **[ECF No. 16] is GRANTED in part**.  Bryant has until November 13, 2020 to file her second amended complaint consistent with this order.  If she fails to do so, this case will proceed on her § 1692(e) claim only.

_____
U.S. District Judge Jennifer A. Dorsey
October 23, 2020

11