George Haines, Esq.
Nevada Bar No. 411
FREEDOM LAW FIRM, LLC
8985 South Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlawfirm.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **In Re:** | No.: 2:20-cv-00594-JAD-EJY |
| | _____ |
| LISA A. BRYANT, | |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| MADISON MANAGEMENT SERVICES, LLC, AND WALDMAN & PORRAS, PLLC, | |
| Defendant. | |

For this Complaint, the Plaintiff, Lisa A. Bryant by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in Defendant's illegal efforts to collect a consumer debt and jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. § 1331.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the U.S. District Court for the District of Nevada

pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of

Nevada.

## PARTIES

4.      Plaintiff Lisa A. Bryant ("Plaintiff" or "Bryant") is the owner of real

property and improvements thereupon located at and commonly known as 719

North Racetrack Road, Henderson, NV 89015, Parcel No. 179-04-506-001 (the

"Home").

5.      Bryant currently maintains the Home as her primary, principal

residence, and has maintained the Home as such at all times relevant to this

Complaint.

6.      Defendant Madison Management Services, LLC ("Madison") is doing

business in the State of Nevada as a business entity operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Waldman & Porras, PLLC ("W&P") is an Nevada

professional limited liability company which has members and employees engaged

in the practice of law in the State of Nevada and is operating as a business entity

operating as a collection agency, and is a "debt collector" as the term is defined by

15 U.S.C. § 1692a(6).

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554  FAX: (702) 385-5518

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

8. On or about March 26, 2004, Bryant obtained a loan as evidenced by a note and deed of trust on the Home allegedly securing said note (collectively, the "First Mortgage Loan").

9. Bryant is presently current on her obligations under the First Mortgage Loan.

10. Unbeknownst to Bryant, a second note was procured through Accredited Home Lenders, Inc. in the amount of $90,250.00 which was then allegedly secured by a deed of trust on the Home (collectively, the "Second Mortgage Loan").

11. The Second Mortgage Loan is believed to have been procured through fraudulent means as Bryant was not party to the execution of the same and received no funds through the same.

12. Defendant Madison currently services the Second Mortgage Loan on behalf of PVK Properties, LLC ("PVK"), the alleged assignee of the Second Mortgage Loan.

13. Madison obtained servicing rights to the Second Mortgage Loan in or around September 2017 from Bayview Loan Management Services, LLC ("Bayview"), the prior servicer of the Second Mortgage Loan.

14. W&P acted as the agent and attorney for Madison and PVK with respect to W&P's conduct discussed, *infra*.

15.   Bryant received no documentation regarding the Second Mortgage Loan and had no knowledge of the Second Mortgage Loan until receiving notice that Madison had obtained servicing rights to the same in or around September 2017.

16.   Bryant repeatedly averred to Madison that she had no prior knowledge of the Second Mortgage Loan after beginning to receive notices from Madison and informed Madison that the Second Mortgage Loan was presumably procured through fraudulent means.

17.   Madison, through their counsel W&P, send correspondence to Bryant dated May 25, 2018 and captioned "NOTICE OF DEFAULT AND INTENT TO ACCELERATE AND ENFORCE THE POWER OF SALE" claiming that the Second Mortgage Loan was in default for failure to make the payment due for August 1, 2014 and that the amount required to reinstate the Second Mortgage Loan and cure the alleged default was $41,438.41.

18.   Bryant sent correspondence dated June 29, 2018 to W&P disputing the claimed debt evidenced by the Second Mortgage Loan explicitly stating that she believed the debt was "part of an identity theft" and a "scheme of fraud for profit".

19.   In subsequent months, Bryant repeatedly sent correspondence and spoke with Madison and W&P (collectively "Defendants") to dispute the debt.

20.   On or about August 20, 2018, it appear that First American Title Insurance Company filed a deed of reconveyance with the Clark County Recorder's Office releasing Bryant from the Second Mortgage Loan.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554   FAX: (702) 385-5518

21.    Despite Bryant's repeated attempts to clarify the fraudulent nature of the Second Mortgage Loan with Defendants, Defendants continued to claim that amounts evidenced by the Second Mortgage Loan were validly due and owing from Bryant.

22.    Despite the reconveyance filed on August 20, 2018, Defendants issued and filed a notice of default and election to sell ("notice of default") the Home on or about October 10, 2019 based upon the alleged default on the Second Mortgage Loan (the "Notice").

23.    Per email correspondence from W&P, Defendants rescinded the Notice in order to correct the alleged "reconveyance error"[1] that Plaintiff presumes took place on August 20, 2018, but indicated that they would be further proceeding under a new notice of default.

24.    To-date, the reconveyance has not been rescinded.

25.    Despite Bryant's repeated attempts to clarify the fraudulent nature of the Second Mortgage Loan with Defendants, Defendants continued to claim that Bryant was past due on the Second Mortgage Loan in amounts in excess of were past due on their obligations under the Loan in the amount of $41,438.41.

26.    Defendants have attempted and continue to attempt to collect upon the amounts evidenced by the Second Mortgage Loan.

---

[1] Plaintiff presumes Defendants were referring to the deed of reconveyance filed on or about August 20, 2018 by First American Title Insurance Company.

27.   Upon receiving the notices from Defendants claiming that she owes amounts due upon the Second Mortgage Loan, which she did not execute and of which she had no prior knowledge, Bryant was shocked, frustrated, anxious, embarrassed, and otherwise emotionally distraught that Defendants were attempting to collect on the debt.

28.   Defendants' willful and wrongful actions have caused Bryant to suffer emotional distress driven by fear, anxiety, and concern that Defendants will wrongfully seek to foreclose upon the Second Mortgage Loan and sell her Home unless she agrees to pay sums for which she is not obligated to despite the fact that she did not enter into the Second Mortgage Loan and received no funds from the same.

29.   Bryant attempted to refinance her home on three separate occasions between October 10, 2019, the date the Defendants issued and filed a notice of default, and March 4, 2020, the date the Defendants rescinded the notice of default. Bryant tried to refinance her Home on or about November 23, 2019, December 19, 2019 and February 20, 2020.

30.   Bryant was denied all three times by the mortgage companies based on the notice of default that was filed by the Defendants on October 19, 2019 on her Home.  Bryant even tried to obtain title insurance on her own in hopes that if she were able to obtain a title insurance policy that this would facilitate a refinance of

her Home. The title insurance company told her that she would either have to pay off the Second Mortgage Loan by refinancing or selling her Home.

31.   If not for the Notice of Default that was filed by the Defendants, Bryant would have been able to refinance her home at a lower interest rate.

## COUNT ONE:  AGAINST MADISON AND W&P
## VIOLATIONS OF THE FDCPA, 15 U.S.C. §§ 1692, *et seq*.

32.   Bryant restates and incorporates the statements and allegations contained in paragraphs 1 through 26 in their entirety, as if fully rewritten.

33.   Bryant is a "consumer" as she is a natural person residing in Clark County, Nevada and is allegedly obligated to pay on a debt evidenced by the Second Mortgage Loan which, Madison seeks to collect. See, 15 U.S.C. § 1692a(3).

34.   The debt evidenced by the Second Mortgage Loan is a "debt" as it is proclaimed and evidenced to be a conventional mortgage loan obtained for personal, household, or family use under which Bryant subsequently became obligated. See, 15 U.S.C. § 1692a(5).

35.   Madison and W&P are each a "debt collector" as defined by the FDCPA as they are each attempting to collect on the debt represented by the Second Mortgage Loan allegedly owed to PVK and obtained servicing rights to the Second Mortgage Loan after it was allegedly in default. See, 15 U.S.C. § 1692a(6).

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554  FAX: (702) 385-5518

36.    W&P and Madison each regularly use the instrumentalities of interstate commerce and/or the mails in its business the principal purpose of which is the collection of debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

37.    Bryant has a private right of action under the FDCPA against both Madison and W&P pursuant to 15 U.S.C. § 1692k(d) for the breaches outlined, *infra*.

38.    Defendants each violated 15 U.S.C. § 1692e(2) by misrepresenting the character, amount, or legal status of the debt represented by the Second Mortgage Loan, misrepresenting to Bryant that the she was in default on obligations under the Second Mortgage Loan, which she had not obtained, owed sums which were not in fact due, and stating that they would foreclose upon the Home.

39.    Through communications with Bryant, Defendants each knew or had reason to know that the sums claimed by Defendants and PVK were not in fact due and owing from Bryant as the Second Mortgage Loan was obtained through fraudulent means, and that the Foreclosure had been improperly maintained for years.

40.    Due to Defendants' conduct, Bryant suffered actual damages, further described, *supra*, including emotional distress driven by fear, anxiety, and concern that Defendants will wrongfully seek to assert a right to collect and seek personal liability on a debt for which Bryant bears no legitimate legal obligation.

41.   As a result of Defendants' actions, Defendants are each liable to Bryant for actual damages as further described, *supra*, statutory damages, and reasonable attorneys' fees and costs. See, 15 U.S.C. § 1692k(a).

### COUNT TWO: AGAINST MADISON AND W&P
### SLANDER OF TITLE

42.   Bryant realleges and incorporates by reference the averments contained in Paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.   On October 10, 2019, the date the Defendants issued and filed a notice of default.

44.   The Defendants did not rescind the notice of default until March 4, 2020.

45.   Plaintiff tried to refinance her Home on or about November 23, 2019, December 19, 2019 and February 20, 2020.

46.   Bryant was denied all three times by the mortgage companies based on the notice of default that was filed by the Defendants on October 19, 2019 on her Home.  Bryant even tried to obtain title insurance on her own in hopes that if she were able to obtain a title insurance policy that this would facilitate a refinance of her Home.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554  FAX: (702) 385-5518

47.  The title insurance company told her that she would either have to pay off the Second Mortgage Loan by refinancing or selling her Home.

48.  If not for the Notice of Default that was filed by the Defendants, Bryant would have been able to refinance her home at a lower interest rate.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Lisa A. Bryant, through counsel, prays for the entry of judgment in their favor and against Madison Management Services, LLC and Waldman & Porras, PLLC, as follows:

A.  A finding that Madison and W&P each violated 15 U.S.C. § 1692(e)(2) as alleged in Count One;

B.  For an award of actual damages against Madison and W&P as to Counts One and Two;

C.  For an award of statutory damages against Madison and W&P in the amount of One Thousand Dollars ($1,000.00) for violating the FDCPA as alleged in Count One;

D.  For an award of punitive damages against Madison and W&P as to Count Two;

////
////
////
////
////

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste, 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554  FAX: (702) 385-5518

E.      For an award of all attorneys' fees incurred in good faith against

Madison and W&P as to Counts One and Two; and

F.      Any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 10, 2020

Respectfully submitted,

By  /s/George Haines, Esq.

George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Attorney for Plaintiff
*Lisa A. Bryant*