UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lisa A. Bryant,<br><br>             Plaintiff<br><br>  v.<br><br>Madison Management Services, LLC, et al.,<br><br>             Defendants | Case No. 2:20-cv-00594-CDS-EJY<br><br>**Order Rejecting Proposed<br>Joint Pretrial Order**<br><br>[ECF No. 76] |

      Plaintiff Lisa Bryant and defendants Madison Management Services, LLC and Waldman & Porras PLLC submitted a proposed joint pretrial order (ECF No. 76) which does not comply with Local Rules 16-3 and 16-4. I therefore reject it.

      The parties' proposed order provides a joint list of exhibits on which the parties have agreed can be admitted at trial. *See* ECF No. 76 at 8–9. However, the parties fail to fully comport with Local Rule 16-3(b)(8), which requires them to "list those exhibits to which objection is made and **state the grounds for the objection**." LR 16-3(b)(8) (emphasis added). Defendants provide only identify two "exhibits,", and simply state: "[a]ll documents obtained during discovery" and "[a]ny documents turned over or subpoenaed by any witness," *id.* at 9, without stating the grounds for any objection. These vague descriptions do not "describe the exhibits sufficiently ready for identification" as required by the local rules. LR 16-3(b)(8). Under "Plaintiff's Exhibits," there is an empty indented subsection. ECF No. 76 at 9. It is unclear to the court whether Bryant inadvertently left the list blank or intended to represent that she will not be introducing any exhibits beyond the stipulated list.

Accordingly, the parties are ordered to file a second proposed joint pretrial order. Therein defendants must list with specificity any exhibits beyond the stipulated list that they intend to introduce, to which Bryant may lodge her objection thereto, and Bryant must specifically represent that she intends to use no exhibits beyond the stipulated list, or identify with specificity her exhibits, to which defendants may lodge any objection thereto.

Further, Local Rule 16-3(b)(10) requires parties to identify the depositions they intend to offer at trial, "designating the portions of the deposition to be offered." The parties' proposed order ignores this rule by listing identical depositions without designating the specific portions to be offered at trial. ECF No. 76 at 10. And, both sides' seemingly identical witness lists appear to identify every person who has been identified in discovery, without any analysis as to whether those witnesses are truly needed at trial. *Id.* at 10–12. Indeed, the parties' lists include "Lynne VanHoozen (Deceased)." *Id.* at 11–12. Yet, neither party represented that they intend to offer the deposition of Lynne VanHoozen at trial. At a minimum, the parties are instructed to remove the deceased individual from the witness list in the second proposed joint pretrial order.

The requirements set forth in Local Rules 16-3 and 16-4 are designed to streamline trial preparation and presentation, and to foster settlement. IT IS THEREFORE ORDERED that the parties' joint pretrial order **[ECF No. 76] is REJECTED**. The parties must submit a second proposed joint pretrial order which complies with the Local Rules by February 27, 2024.

Dated: February 5, 2024

_____
Cristina D. Silva
United States District Judge