George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM
8985 S. Eastern Avenue, Ste. 100
Beltway Corporate Center
Las Vegas, NV 89123
Telephone: (702) 880-5554
ghaines@freedomlegalteam.com
*Counsel for Plaintiff Lisa A. Bryant*

Marc E. Dann, Esq.
Ohio Bar No. 44115 (admitted pro hac)
DANN LAW FIRM
1500 Madison Avenue
Lakewood, OH 44107
Telephone: (216) 373-0539
mdann@dannlaw.com
*Counsel for Plaintiff Lisa A. Bryant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

LISA A. BRYANT,

      Plaintiff,

    v.

MADISON MANAGEMENT SERVICES,
LLC, and WALDMAN & PORRAS, PLLC,

      Defendants.

Case No.: 2:20-cv-00594-CDS-EJY

**JOINT PRETRIAL ORDER**

After pretrial proceedings in this case,

IT IS ORDERED:

### I.  NATURE OF ACTION

Plaintiff Lisa A. Bryant ("Plaintiff") is the owner of real property and improvements thereupon located at and commonly known as 719 North Racetrack Road, Henderson, NV 89015, Parcel No. 179-04-506-001 (the "Home").  Plaintiff alleges that unbeknownst to her, a second note was procured through Accredited Home Lenders, Inc. in the amount of $90,250.00 which was then allegedly secured by a recorded deed of trust on the Home (collectively, the "Second Mortgage Loan").

This is an action for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and slander of title.  Regarding the FDCPA claims, Plaintiff alleges that Defendants attempted to collect from Plaintiff on a fraudulent Second Mortgage by claiming that the Second Mortgage Loan was validly due and owing from Plaintiff.  Plaintiff also alleges that Defendants slandered her title by issuing and filing a notice of default and election to sell ("notice of default") on the Home despite a reconveyance of Second Mortgage Loan being filed on August 20, 2018.

## II. STATEMENT OF JURISDICTION

Jurisdiction is conferred on this Court pursuant to Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

## III. ADMITTED FACTS

The following facts are admitted by the parties and require no proof:

1. On or about March 26, 2004, Plaintiff purchased the real property and improvements thereupon located at and commonly known as 719 North Racetrack Road, Henderson, NV 89015, Parcel No. 179-04-506-001 (the "Home").

2. On or about March 26, 2004, Plaintiff obtained a loan as evidenced by a note and deed of trust on the Home allegedly securing said note (collectively, the "First Mortgage Loan").

3. Defendant Madison Management Services, LLC ("Madison") is doing business in the State of Nevada as a business entity operating as a mortgage servicer.

4. Defendant Waldman & Porras, PLLC ("W&P") is a Nevada professional limited liability company which has members and employees engaged in the practice of law in the State of Nevada and operates as a Trustee in the area of residential home foreclosure.

5. Defendant Madison currently services the Second Mortgage Loan on behalf of PVK Properties, LLC ("PVK"), the assignee of the Second Mortgage Loan per an Assignment of Mortgage record in the Clark County Recorder's office on 9/21/2017 as Instrument # 201709210002298. The Deed of Trust was recorded on December 5, 2006 as Instrument # 200612050002545.

6. Madison obtained servicing rights to the Second Mortgage Loan in or around September 2017 from Bayview Loan Management Services, LLC.

7. Madison, through their counsel W&P, sent correspondence to Bryant dated May 25, 2018 and captioned "NOTICE OF DEFAULT AND INTENT TO ACCELERATE AND ENFORCE THE POWER OF SALE" claiming that the Second Mortgage Loan was in default for failure to make the payment due for August 1, 2014 and that the amount required to reinstate the Second Mortgage Loan and cure the alleged default was $41,438.41.

8.  On or about August 20, 2018, First American Title Insurance Company recorded a Deed of Reconveyance as Instrument Number 201808200002705 while it did not have ownership or possession of a valid lien in the chain of title to the property in question; and

9.   On or about October 10, 2019, Defendants issued and filed a notice of default and election to sell the Home based upon the alleged default on the Second Mortgage Loan (the "Notice").

## IV. FACTS NOT CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

a.  Plaintiff: None.

b.  Defendant: None.

## V.      ISSUES OF FACT TO BE TRIED

a.  Plaintiff:

1.      Whether Waldman & Porras, PLLC is a "debt collector" in this case;

2.      Whether Defendants' filing of a notice of default and election to sell the Home on or about October 10, 2019 prevented Plaintiff from refinancing her Home;

3.      Whether Defendants failed to substantially comply with NRS 107.080(2)(c) as the Notice allegedly misrepresented the character, amount, or legal status of the debt represented by the Second Mortgage Loan;

4.    Whether Defendants allegedly misrepresented to Plaintiff that she was in default on obligations under the Second Mortgage Loan by claiming she owed sums which, were not in fact due, and that they would foreclose upon the Home;

5.    Whether Defendants' alleged willful and wrongful actions have caused Plaintiff to suffer emotional distress driven by fear, anxiety, and concern that Defendants will allegedly wrongfully seek to foreclose upon the Second Mortgage Loan and sell her Home unless she agrees to pay sums for which she allegedly is not obligated to despite the fact that she allegedly did not enter into the Second Mortgage Loan and allegedly received no funds from the same;

6.    The amount of Plaintiff's statutory damages;

7.    The extent and nature of Plaintiff's injunctive relief against Defendants;

8.    The amount of Plaintiff's punitive damages; and

9.    The amount of actual damages.


b.   Defendant:

1.    Whether Waldman & Porras, PLLC is a "debt collector" in this case;

2.    Whether Madison Management Services, LLC is a "debt collector" in this case;

3.    Whether PVK Properties, LLC and/or Madison Management Services, LLC properly held the 2nd Deed of Trust in the chain of title to attempt to foreclose on the property;

4.    Whether First American Title acted outside the scope of its authority in recording a Deed of Reconveyance;

5.    Whether Plaintiff acknowledged the debt and attempted to settle claimed amounts due and owing to satisfy the lien, which would be considered an admission by party opponent;

6.    Whether Plaintiff attempted to secure outside funding or financial support to satisfy the lien;

7.    Whether the loan documents were signed by Plaintiff; and

8.    Whether there was fraud perpetrated by Plaintiff.

9.    Whether or not there was notary fraud.

a.    Whether or not Plaintiff entered into the recorded deed of trust that was witnessed and notarized;

b.    The amount of damages including fees and costs awarded to Defendants if Defendants are the prevailing party;

## VI.    ISSUES OF LAW TO BE TRIED

a.   Plaintiff:

1.    Whether Defendants allegedly violated 15 U.S.C. § 1692a(3) filing of a notice of default and election to sell the Home on or about October 10, 2019;

2.    Whether Defendants allegedly violated 15 U.S.C. § 1692a(3) by misrepresenting to Plaintiff that the she was in default on obligations under the Second Mortgage Loan, which she had not obtained, owed sums which were not in fact due, and stating that they would foreclose upon her Home;

3.     Whether Defendants allegedly committed slander of title by filing of a notice of default and election to sell the Home on or about October 10, 2019 and Defendants; actions prevented Plaintiff from refinancing her Home;

4.     Whether Defendant are liable to Plaintiff for statutory damages of $1,000.00 for allegedly violating the FDCPA;

5.     Whether Defendants are liable to Plaintiff for all attorneys fee and costs incurred in good faith for Defendant allegedly violating the FDCPA;

6.     Whether Defendants are liable Plaintiff for all attorneys' fee and costs incurred in good faith for Defendants allegedly committing slander of title; and

7.     Whether Plaintiff is entitled to punitive damages for Defendants allegedly committing slander of title.

b.   Defendant:

1.     Whether or not Defendants Notice of Default and Intent to Accelerate and Enforce the Power of Sale, which included all disclosures required by the Federal Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") was sent lawfully in accordance with the deed of trust, FDCPA and Nevada State law.

2.     Whether or not the statute of limitations ran on Plaintiff's claims.

3.     Whether any acts or omissions constituted bone fide error as a complete defense from liability under FDCPA if the alleged violation was a product of a bone fide error under 15 U.S.C. §1692(k);

4.     Whether or not Plaintiff's claims are barred by laches;

5.     Whether or not Plaintiff is attempting to perpetuate fraud against Defendants;

6.  Whether or not Waldman & Porras, PLLC are considered a debt collector;

7.  Whether or not the actions of the non-judicial foreclosure constituted a debt collection;

8.  Whether Defendants are entitled to recover their reasonable attorney's fees and costs if deemed the prevailing party.

## Exhibits

a.  The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

1.  Deed of Trust recorded on December 5, 2006, as Instrument Number 200612050002545.

2.  The Note with full allonge chain to PVK Properties, LLC.

3.  Assignment executed on May 29, 2013 and that was recorded on September 21, 2017, as Instrument Number 201709210002298 to PVK Properties, LLC;

4.  The payment history records;

5.  The payoff and reinstatement records;

6.  The business records of the servicer relating to the subject loan;

7.  The Notice of Default and Intent to Accelerate and Enforce the Power of Sale, which included all disclosures required by the Federal Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA");

8.  The Deed of Reconveyance recorded as Instrument Number 201808200002705 years after PVK Properties, LCL's recorded assignment;

9.    The call logs produced by Defendants to Plaintiff;

10.   Defendant's Responses to Plaintiff Lisa A. Bryant's First Set of Requests for Admission, Written Interrogatories, and Requests for Production of Documents dated November 4, 2020;

11.   Plaintiff's Responses to Defendant Madison Management Services, LLLC's First Set of Requests for Admission, Written Interrogatories, and Requests for Production of Documents dated October 8, 2021;

12.   Deposition of Lisa Bryant on February 8, 2022;

13.   Videotaped, Videoconferenced Deposition of Nancy Garnett dated July 30, 2021;

14.   First Amended Complaint (ECF No. 30);

15.   Answer with Affirmative Defenses (ECF No. 35);

16.   Plaintiff's Motion for Summary Judgment (ECF No. 62);

17.   Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 63); and

18.   Plaintiff's Reply in Support of Motion for Summary Judgment (ECF No. 68)

19.   All documents obtained during discovery, more specifically described as documents obtained from request for production requests and interrogatories.

20.   Any documents turned over or subpoenaed by any witness.

21.   Any and all pleadings, filings and motions in the court file and produced in discovery.

b.  As to the following additional exhibits, the parties have reached stipulations stated:

a.   None

c. As to the following exhibits, the party against whom the same will be offered objects to their admissions on the grounds stated:

    1. Set forth the Plaintiff's Exhibits and objections to them.

        i. No objections at this time.

    2. Set forth the Defendant's Exhibits and objections to them.

        1. No objections at this time.

d. Electronic Evidence: [State whether the parties intend to present electronic evidence for purposes of jury deliberations.]

    1. Plaintiff:    Yes.

    2. Defendant:    Yes.

e. Depositions:

    1. Plaintiff will offer the following depositions:

        Videotaped, Video Conferenced Deposition of Nancy Garnett dated July 30, 2021. This deposition, in part and in whole, will offer evidence to support Plaintiff's claim.  Specifically, pages 4 through 25.

    2. Defendant will offer the following depositions:

        Deposition of Lisa Bryant on February 8, 2022. This deposition, in part and in whole, will offer evidence to support Defendant's claim. Specifically, pages 14 through 109.

Videotaped, Video Conferenced Deposition of Nancy Garnett
dated July 30, 2021. This deposition, in part and in whole, will
offer evidence to refute Plaintiff's claim.

    f.   Objections to Depositions:

        1.  Defendant objects to Plaintiff's depositions as follows: None.

        2.  Plaintiff objects to Defendant's depositions as follows: None.

## VII. WITNESSES

The following witnesses may be called by the parties at trial:

    a.  Provide names and addresses of Plaintiff's witnesses:

LISA BRYANT
c/o George Haines, Esq.
FREEDOM LAW FIRM
8985 S. Eastern Avenue #350
Las Vegas, NV 89123
Phone: (702) 880-5554
ghaines@freedomlegalteam.com

RONALD W. BRYANT
c/o George Haines, Esq.
FREEDOM LAW FIRM
8985 S. Eastern Avenue #350
Las Vegas, NV 89123
Phone: (702) 880-5554
ghaines@freedomlegalteam.com

Damian Hernandez
c/o Madison Management Service, LLC
4600 Kietzke Lane Suite B119
Reno, NV 89502

Sadhna Bharwaj
c/o Madison Management Services, LLC
4600 Kietzke Lane Suite B119
Reno, NV 89502

Howard Katz

c/o PVK Properties, LLC
P.O. Box 4856
Glendale, CA 91222

Nicholas Porras
c/o Waldman & Porras, PLLC
201 West Liberty St. Ste. 207
Reno, NV 89501

b.  Provide names and addresses of Defendant's witnesses:

LISA BRYANT
c/o George Haines, Esq.
FREEDOM LAW FIRM
8985 S. Eastern Avenue #350
Las Vegas, NV 89123
Phone: (702) 880-5554
ghaines@freedomlegalteam.com

First American Title
c/o George Haines, Esq.
FREEDOM LAW FIRM
8985 S. Eastern Avenue #350
Las Vegas, NV 89123
Phone: (702) 880-5554
ghaines@freedomlegalteam.com

Damian Hernandez
c/o Madison Management Service, LLC
4600 Kietzke Lane Suite B119
Reno, NV 89502

Sadhna Bharwaj
c/o Madison Management Services, LLC
4600 Kietzke Lane Suite B119
Reno, NV 89502

Kevin Cordell
 c/o Madison Management Services, LLC
4600 Kietzke Lane Suite B119
Reno, NV 89502

Nancy Garnett

Howard Katz
c/o PVK Properties, LLC

P.O. Box 4856
Glendale, CA 91222

Nicholas Porras
c/o Waldman & Porras, PLLC
201 West Liberty St. Ste. 207
Reno, NV 89501

## VIII. PROPOSED TRIAL DATES

The attorneys or parties have met and jointly offered these three trial dates: 11/4/2024, 11/18/2024 and 1/27/2025.

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible, if not, the trial will be set at the convenience of the court's calendar.

////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
////
/////
////

- 13 -

1

**IX. ESTIMATED LENGTH OF TRIAL**

2

It is estimated that the trial will take a total of two (2) days.  Plaintiff requests a jury trial

3

on all issues so triable.

4

DATED:  February 20, 2024          DATED:  February 20, 2024

5

6

FREEDOM LAW FIRM          WALDMAN & PORRAS, PLLC

7

8

By*: /s/ George Haines*          By*: /s/ Nicholas M. Porras*
      GEORGE HAINES, ESQ.          NICHOLAS M. PORRAS, ESQ.

9

      Nevada Bar No.: 9411          Nevada Bar No.: 12849
      8985 S. Eastern Ave., Suite 350          201 West Liberty Street, Suite 207

10

      Las Vegas, NV  89123          Reno, NV 89501
      *Attorney for Plaintiff*          *Attorney for Defendants*

11

      LISA BRYANT          MADISON MANAGEMENT SERVICES,
                                              LLC, AND WALDMAN & PORRAS, PLLC

12

DANN LAW FIRM

13

By:/s/ Marc E. Dann

14

      Marc E. Dann, Esq.

15

      Ohio Bar No. 44115 (admitted pro hac)
      15000 Madison Avenue

16

      Lakewood, OH 44107
      *Counsel for Plaintiff Lisa A. Bryant*

17

18

**X.      ACTION BY THE COURT**

19

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on <u>November 4, 2024</u> at the

20

hour of 9:30 a.m. in courtroom 6B.  Calendar call will be held on <u>October 24, 2024</u> at the hour

21

of 9:30 a.m. in courtroom 6B.

22

23

DATED:   <u>3/5/2024</u>             .

24

25

26

_____
**UNITED STATES DISTRICT JUDGE**

27

28

- 14 -