UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lisa A. Bryant,<br><br>        Plaintiff<br><br> v.<br><br>Madison Management Services, LLC, et al.,<br><br>        Defendants | Case No. 2:20-cv-00594-CDS-EJY<br><br>**Order Striking Plaintiff's Statement Regarding Removal and Denying Motion to Remand**<br><br>[ECF Nos. 83, 86] |

     Pending before the court is defendants Madison Management Services, LLC, Porras, PLLC, and Waldman and Porras, PLLC's motion to remand. ECF No. 86. Therein, defendants move this court to keep Eighth Judicial District Court case number A-24-885943-C in state court, or in the alternative, remand that action. *See id.* That motion is premised on plaintiff Lisa Bryant's statement of removal (ECF No. 83) that was filed on April 28, 2024. For the reasons set forth herein, I find Bryant's statement of removal improper, so I deny defendants' motion for remand as moot.

I.    Discussion

     Bryant brought this action against defendants in 2020, alleging violations of the Fair Debt Collection Practices Act (FDCPA) and slander of title. *See* First Am. Compl., ECF No. 30. Almost four years later, after the close of discovery, and past the dispositive motions' deadline, Bryant filed a statement of removal regarding a separate, new action brought against her in the Eighth Judicial District Court, Clark County, Nevada, seemingly attempting to remove that action into this case. *See* ECF No. 83.

The right to remove a case to federal court is entirely a statutory creation. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows *defendants* to remove a state court case that could have been filed originally in federal court under either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1441(a), (b) (emphasis added); *see also* 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Bryant—the plaintiff—filed a statement of removal, seeking to remove a case where she is the defendant, to bring it into this action. But a plaintiff "cannot remove an action to federal court." *Progressive W. Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) (holding that **only defendants**, not a plaintiff against whom a counterclaim is asserted, has the right of removal) (emphasis added). Insofar as Bryant is removing case number A-24-885943-C in her capacity as defendant in that suit, she must do so into *a separate action*. "A case cannot be removed from state court to become part of an already existing federal case." *Iqbal v. Afzal*, 2010 U.S. Dist. LEXIS 35912, at *5–6 (N.D. Cal. Mar. 15, 2010) (quoting *Gilliam v. Austin*, 2002 U.S. Dist. LEXIS 9555, at *11 (N.D. Cal. May 13, 2002)). Indeed, "[i]n a proper removal, 'the notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number." *Paralee Boyd Salon, LLC v. COG Studio, LLC*, 2016 U.S. Dist. LEXIS 131832, (E.D. Mich. Sept. 27, 2016), *appeal dismissed by* 2017 WL 4863251 (6th Cir. Feb. 15, 2017).

Consequently, Bryant's attempt to remove case number A-24-885943-C into this action is improper and is hereby stricken. If Bryant, as the defendant, seeks to remove the case pending in Clark County, she must do so into a separate civil action and comply with 28 U.S.C. § 1441. Because the statement of removal is now stricken, defendants' motion for remand is mooted and is denied accordingly.

II.  Conclusion

IT IS HEREBY ORDERED that Bryant's statement of removal [ECF No. 83] is STRICKEN.

IT IS FURTHER ORDERED that defendants' motion to remand [ECF No. 86] is DENIED as moot.

Dated: June 10, 2024

_____
Cristina D. Silva
United States District Judge

3