UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lisa A. Bryant,<br><br>        Plaintiff<br><br>v.<br><br>Madison Management Services, LLC, and Waldman & Porras, PLLC,<br><br>        Defendants | Case No.: 2:20-cv-00594-CDS-EJY<br><br>**Order Denying Defendant's Motions to Continue and for Formal Mediation, and Granting in Part Plaintiff's Motion to Strike**<br><br>[ECF Nos. 101, 105, 106, 107] |

      This is a Fair Debt Collection Practices Act (FDCPA) and slander of title action brought by plaintiff Lisa A. Bryant against defendants Madison Management Services, LLC (MMS), and Waldman & Porras, PLLC (W&P). *See* First am. compl., ECF No. 30. Trial is set to commence on April 7, 2025. Order, ECF No. 93. With trial just weeks away, four motions have been filed. Defendant Madison Management Services, LLC ("MMS") filed a motion to continue (ECF No. 101) and a motion for formal mediation (ECF No. 107), and defendant Waldman & Porras, LLC ("W&P") filed a motion for judgment on the pleadings (ECF No. 105). Bryant opposes the motion to continue. Opp'n, ECF No. 104. Bryant also filed a motion to strike the motion for judgment on the pleadings. Mot. to strike, ECF No. 106. For the reasons set forth herein, I deny MMS's motion to continue and motion for formal mediation, and grant in part Bryant's motion to strike.

I.    Discussion

    A.  MMS's motion to continue is denied.

      As a threshold matter, this case has been set for trial to commence on April 7, 2025, since October of last year. *See* Order granting stip. to continue, ECF No. 93 ("IT IS FURTHER ORDERED that the jury trial currently scheduled for November 4, 2024, at 9:30 a.m. is vacated

and continued to April 7, 2025, at 9:30 a.m. in courtroom 6B"). Despite the trial having been scheduled for almost five months, defendant MMS only now seeks to continue the trial date, arguing it is not ready for unclear reasons. Mot. to continue, ECF No. 101. The motion states MMS is "'not ready' as the case is complex with State Court action in the Eight Judicial District of Nevada Case Number A-24-88594-C resolving some of the complex issuing and Arbitration in the action set for May 22. 2025." *Id.* at 2. The court construes this statement as meaning counsel has another matter set for arbitration in May 2025. MMS also argues it has several witnesses from out of state who require coordination and preparation, that it plans to file a motion for formal mediation,[1] and current counsel plans to withdraw and to hire trial counsel. *Id.*

To evaluate a request for continuance, courts evaluate (1) the extent of the moving party's diligence in preparing for the case for trial; (2) the usefulness of the continuance or the likelihood "that the need for a continuance could have been met if the continuance had been granted"; (3) the extent to which granting the continuance would inconvenience the court, the opposing party, and the witnesses; and (4) the extent to which the moving party might suffer prejudice from the Court denying the request for a continuance. *United States v. Flynt*, 756 F.2d 1352, 1358–59 (9th Cir.), *amended*, 764 F.2d 675 (9th Cir. 1985).

Here, the record demonstrates that MMS has not been diligent in seeking this continuance. This action has been pending since 2020 and counsel for MMS has been aware of the pending trial date for almost six months, as it was the *parties* that stipulated to move the trial date. That would have been the time to withdraw as counsel of record or to bring trial counsel on to the defense team. Doing both on the eve of trial does not demonstrate diligence. Likewise, counsel should have long been preparing for trial, to include coordinating witness availability. The failure to do so demonstrates lack of diligence.

---

[1] This motion was filed March 20, 2025 (ECF No. 107) and is addressed herein.

2

MMS's counsel's proffer that a continuance is needed to pursue formal mediation also does not demonstrate diligence, nor is it persuasive. The parties participated in a settlement conference just a few weeks ago: the case did not settle. *See* Mins., ECF No. 99. There is no information or explanation before the court as to why formal mediation was not requested sooner, nor why it would or could lead to a different result.

Further, a pending arbitration in another court, involving a case that is less than a year old, simply does not take precedent over a five-year-old case that is set for jury trial. This is particularly true given that the parties agree this trial will only last **two** days. *See* Joint pretrial order, ECF No. 76 at 13. Counsel would have more than sufficient time to try this action and be ready to participate in the arbitration.

Finally, given the age of this case and the length of time that the trial date has been set, both the court and the plaintiff would both suffer prejudice if the court granted MMS's motion to continue. Consequently, the motion to continue trial is denied.[2]

**B. MMS's motion for formal mediation is denied.[3]**

Local Rule 7-2(a) provides that all motions must be supported by a memorandum of points and authorities. LR 7-2(d) further provides that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." *Id.* MMS seeks an order from this court to attend formal mediation. Mediation mot., ECF No. 107. But the motion is devoid of any points and authorities that would permit this court to order the parties to attend "formal mediation." Accordingly, the motion is denied.

**C. W&P's motion for judgment on the pleadings and plaintiff's motion to strike.**

"Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when, accepting all material allegations in the nonmoving party's pleadings as true, the moving party is

---

[2] The court notes it is currently in a criminal trial that is expected to the end the week of April 7, 2025. This case will trail that jury trial. The court will discuss a start date with the parties at calendar call.

[3] The court reviewed the motion and determined it could be resolved without a response from the other parties.

3

entitled to judgment as a matter of law." *Wildseed Mobile LLC v. Google LLC*, 676 F. Supp. 3d 766, 772 (N.D. Cal. 2023); *New York v. Micron Tech., Inc.*, 2009 WL 29883 (N.D. Cal. Jan. 5, 2009) (To prevail on a Rule 12(c) motion, a plaintiff must "clearly establish on the face of the pleadings that no material issue of fact remains to be resolved and that [it] is entitled to judgment as a matter of law." (cleaned up)). The Federal Rules of Civil Procedure is clear however that motions for judgment on the pleadings **may not delay trial**. *See* Fed. R. Civ. P. 12(c) (emphasis added).

Here, trial is less than one month away, so considering any motion for judgment on the pleadings would undoubtedly cause a delay in the trial. Moreover, pretrial motions in this action were due in March of 2022. *See* ECF No. 61. This motion—filed three years later—is certainly untimely. So Bryant's motion to strike W&P's motion for judgment on the pleadings is granted in part.[4] W&P's motion for judgment on the pleadings is stricken.

## II.  Conclusion

IT IS THEREFORE ORDERED that MMS's motion to continue and motion for formal mediation **[ECF Nos. 101, 107] are DENIED.**

IT IS FURTHER ORDERED that Bryant's motion to strike **[ECF No. 106] is GRANTED in part**, as set forth in this order. Thus, W&P's motion for judgment on the pleadings **[ECF No. 105] is STRICKEN.**

Dated: March 27, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] In her motion to strike, Bryant also moves for sanctions. *See* ECF No. 106 at 3. That request is denied without prejudice. In accordance with the local rules, Bryant must file a separate motion if she seeks sanctions against W&P. *See* LR IC 2-2(b) ("For each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document.").

4