UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lisa A. Bryant,<br><br>        Plaintiff<br><br>v.<br><br>Madison Management Services, LLC, et al.,<br><br>        Defendants | Case No.: 2:20-cv-00594-CDS-EJY<br><br>**Order Granting in Part<br>Motion to Continue**<br><br>[ECF No. 149] |

      This is a Fair Debt Collection Practices Act (FDCPA) and slander of title action brought by plaintiff Lisa A. Bryant on March 27, 2020, against defendants Madison Management Services, LLC (MMS) and Waldman & Porras, PLLC (W&P).[1] Over five years later, the case has neither resolved nor proceeded to trial. On March 27, 2025, this court denied MMS's motion to continue and motion for formal mediation for lack of diligence, noting that the action had been set for trial since October of 2024, yet MMS did not move for a continuance until a month before trial, among other deficiencies. *See* Order denying mot. to cont., ECF No. 108. The court also denied W&P's untimely motion for judgment on the pleadings. *Id.*

      After denying those motions, the court was prepared to proceed to trial. However, the court was left with no option but to hold a status conference regarding trial after both parties filed exhibit and witness lists containing documents and proposed witnesses that were <u>not</u> included in the joint pretrial order,[2] among other issues.[3] *See* Mins. of proceedings, ECF No. 143. The status conference made clear that neither party was actually prepared for trial, so instead of

---

[1] Complaint, ECF No. 1.

[2] The revised joint pretrial order (JPTO) was granted on March 7, 2024. Order, ECF No. 79. It was granted after the court initially rejected the proposed JPTO for failing to comply with Local Rules 16-3 and 16-4. Order, ECF No. 77.

[3] One issue included a defendant's pro hac vice application which was unclear, so it needed to be refiled. A second issue was that counsel Morton filed a notice of appearance on behalf of a terminated defendant only.

1  inconveniencing a jury, the court sua sponte continued the action to May 21, 2025, where it
2  would trail another case set for jury trial on May 19, 2025, and directed the parties to meet and
3  confer regarding settling the action. *Id.* It is unknown if the parties met and conferred, but there
4  has been no settlement.

5      On May 12, 2025, the case that was set to start trial before me on May 19, 2025, settled.
6  As a result, I directed my courtroom deputy to email the parties to advise that we would
7  advance their trial by two days. As directed, my courtroom deputy emailed counsel George
8  Haines and Nicholas Porras.[4] *See infra*, Ex. A at 2. Neither party responded to the email.

9      On May 13, 2025, the court held the previously scheduled calendar call. *See* Mins. of proc.,
10 ECF No. 143 (setting calendar call for 9:30 a.m. on May 13, 2025). George Haines, counsel for
11 plaintiff, and Nadine Morton, counsel for defendants, were present for calendar call. No other
12 attorney made an appearance. During calendar call, the court repeatedly stated that trial would
13 commence on May 19, 2025. Indeed, the court specifically answered counsel Morton's question
14 clarifying the start date, to which the court advised that trial would commence on May 19.
15 Neither counsel for plaintiff nor defendant (1) stated they were not ready, (2) stated that they
16 could not be ready on May 19, 2025, (3) asked the court not to advance the start date, or (4)
17 proposed some other alternative. Rather, both parties announced **ready for trial**.

---

[4] In their motion to continue, defendants note that three attorneys were left off the email message. The lead attorneys were emailed. Attorneys Jeffrey Crossman and Damian Waldman were not emailed, but there are no email addresses listed for them in CM/ECF. Crossman and Waldman remain in violation of Local Rules IC 2-1(a) and 2-1(d) that require counsel to register with the Court's electronic filing system for the electronic service of pleadings and other papers. ECF Nos. 102, 137, 146. Attorneys Marc Dann and Nadine Morton were not emailed.

2

Shortly after the conclusion of the hearing, counsel/defendant Porras sent an email to my courtroom deputy which reads as follows:

> "What? I just saw this email and heard about the calendar call. Most of us are thousands of miles away and had to make accommodations to make the 21st happen, most of our schedules will not allow for the 19th. All of our witnesses are out of state as well. Both counsels were completely caught off guard as only two counsels were listed on this email and this is not the email I sue [sic] for my pleadings in this case, it is nick@dwaldmanlaw.com. Should we be filing a motion? Aren't the jurors scheduled to come the 21st?"

*See* Exhibit A.

Putting aside the unprofessional tone of the email, counsel claims he was caught off guard because the email address my courtroom deputy used to advise counsel that trial was being advanced was allegedly "not the email I sue [sic] for my pleadings in this case, it is nick@dwaldmanlaw.com." A review of the docket reveals Porras' email address is incorrect. His contact information on CM/ECF is listed as:

> Nicholas M Porras
> Waldman & Porras, PLLC
> 201 West Liberty, Ste. 207
> Reno, NV 89501
> 775-525-9246
> Email: nick@porraslegal.com
> *ATTORNEY TO BE NOTICED*

This is why my courtroom deputy emailed nick@porraslegal.com to advise him that trial was advanced by two days. Local Rule IA 3-1 states

> **[a]n attorney** or pro se party **must immediately file with the court written notification of any change of mailing address, email address**, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court.

LR IA 3-1 (emphasis added). The responsibility of updating his email address rests solely with Porras. Nonetheless, Porras received the email, albeit late, and it was his decision to not appear for the calendar call.

Defendants now file a motion to continue, stating that neither counsel Haines nor Porras were aware of the May 12, 2025 email from my courtroom deputy advising we would advance the trial by two days, that counsel Porras and Waldman have obligations and depositions in Florida on May 19, 2025, that counsel Morton has another trial starting on May 19, 2025, and that the defense has already made accommodations for their witnesses anticipating a May 21, 2025 start date. Mot., ECF No. 149. The court is baffled by the fact that counsel Morton, *who was present for calendar call*, announced that defendants were ready for trial and did not mention she had another trial starting on May 19. One cannot be in trial in a separate matter and be selecting a jury in this action. Stated otherwise, one of these representations is false. Further, the parties were aware they were trailing another matter, so the parties were—at a minimum—on notice the schedule could change, to include that trial could start earlier than the anticipated starting date. Finally, the court does not understand why no other objection or concern regarding scheduling was lodged with the court during calendar call.

Nonetheless, given the representations in the motion, the court grants defendants' motion in part. Trial is continued one day. Trial in this action will commence on Tuesday, May 20, 2025, at 9:00 a.m.

Dated: May 14, 2025

_____
Cristina D. Silva
United States District Judge

4