George Haines, Esq.
Nevada Bar No. 9411
FREEDOM LAW FIRM
8985 S. Eastern Avenue, Ste. 100
Las Vegas, NV 89123
Telephone: 702.880.5554
ghaines@freedomlegalteam.com
*Counsel for Plaintiff Lisa A. Bryant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **LISA A. BRYANT**, <br><br> Plaintiff, <br><br> v. <br><br> **MADISON MANAGEMENT SERVICES, LLC; and WALDMAN & PORRAS, PLLC**, <br><br> Defendants. | Case No. 2:20-cv-00594-CDS-EJY <br><br> **PLAINTIFF LISA A. BRYANT'S MOTION TO ADMIT TRIAL EXHIBIT INTO EVIDENCE WITH MEMORANDUM OF LAW** |

Plaintiff Lisa A. Bryant ("Plaintiff") hereby moves this honorable court for an order permitting Plaintiff to admit her trial exhibit number 43, a copy of the state court case filed by Defendant, Waldman & Porras, PLLC into evidence, as it demonstrates the extra debt collections efforts Defendant engaged in against Plaintiff, Lisa Bryant.

**I.    INTRODUCTION**

Plaintiff offered Trial Court exhibit 43 into evidence for the purpose of demonstrating that Defendant engaged in affirmative ***judicial*** debt collection activity, beyond the scope of protected ***nonjudicial*** foreclosure activity. This fact is central to Plaintiff's position that the exception to FDCPA liability recognized in Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029 (2019), does not apply to Defendant's conduct in this case.

1

II.     LAW AND ARGUMENT

    A. The State Court Complaint Is Relevant To The Question of Defendant's FDCPA Liability

Fed. R. Evid. 401 states that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 402 permits the admissibility of all relevant evidence unless a specific exception applies.

In the complaint filed in Clark County District Court, Defendant Waldman & Porras did not simply attempt to enforce an existing security interest—they affirmatively sought to reinstate a lien that had already been extinguished by a recorded reconveyance. This was not a passive, ministerial foreclosure action; it was a substantive legal effort to obtain a new lien and assert a claim to repayment on a disputed debt.

The content and nature of that pleading tends to make it more probable that the defendants were attempting to collect a debt through judicial means and were thus operating as debt collectors under the FDCPA. That is a fact of direct consequence to the legal issues the jury must decide. Accordingly, the state court complaint meets the low threshold for relevance under Rule 401 and should be admitted. The Complaint Defendant filed seeks to "cancel" the reconveyance and "re-establish the lien of Deed of Trust[.]"[1] If the reconveyance had not effectively terminated the lien on Plaintiff's property, there would be no need to "re-establish" a lien and this Complaint firmly establishes that the lien had been effectively extinguished. As a result, Defendant could no longer

---

[1] See p. 5

be said to be acting to enforce an existing lien and was instead acting as a debt collector by using a judicial process to collect money Defendant claimed Plaintiff owed on a debt.

### B. There Is No Prejudice To Defendant By allowing The Exhibit Into Evidence

Fed. R. Evid. 403 certainly permits the court to exclude otherwise relevant evidence if if its probative value "is substantially outweighed" by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, the state court complaint is highly probative because it directly rebuts the defendants' claim that they acted solely in a foreclosure capacity exempt under *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019).

In the state court complaint, Defendant, Waldman & Porras, acting on behalf of the loan holder, sought affirmative relief to reinstate a lien that had been extinguished—conduct that constitutes an attempt to collect a debt, not a mere ministerial foreclosure function. The minimal risk of jury confusion can be adequately mitigated by a limiting instruction clarifying that the complaint is admitted solely to show the Defendants' conduct. Exclusion under Rule 403 is a remedy of last resort, and in this instance, it would improperly shield the jury from critical evidence relevant to the application of the FDCPA.

### C. Since the <u>Obduskey</u> Exception Does Not Apply The Evidence Is Necessary To Establish FDCPA Liability

Defendant has raised the argument in this this case that they were acting solely as nonjudicial foreclosure agents and exempt from the FDCPA under the Supreme Court's decision in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019). However, in the complaint they filed Defendant sought not just to enforce a lien—but to reinstate a lien that had been

previously reconveyed and thereby extinguished . This is an affirmative debt collection lawsuit—not the administrative functions of nonjudicial exercise of an existing lien. In the state Court action Defendant:

- Commenced the case on behalf of the loan holder,
- Demands a judicial imposition of a lien, and
- Asks for monetary and equitable relief—not just enforcement of existing security.

This goes far beyond the limited role of a foreclosure trustee. It is an affirmative attempt to collect a disputed debt using court process, placing them squarely within the FDCPA's scope.

In *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, the Ninth Circuit clarified the FDCPA's applicability to foreclosure actions. The court emphasized that the distinction does not turn on whether the foreclosure is judicial or nonjudicial, but rather on whether the plaintiff seeks to recover a debt beyond the proceeds of the property sale. When a deficiency judgment is pursued, the activity qualifies as "debt collection" under the FDCPA.

In *Barnes*, the defendant law firm pursued judicial foreclosure in Oregon solely to force a sheriff's sale of the property and did not seek a deficiency judgment. Because Oregon law prohibits such judgments in that context, the court held that the firm's actions did not constitute "debt collection" under the FDCPA.

In contrast, the Defendant in the present case is not merely enforcing a security interest but is affirmatively seeking to revive and judicially impose a lien, along with broader relief, all aimed at recovering a debt. As such, the protections afforded in *Barnes* do not apply here. The Ninth Circuit's decision in *Vien-Phuong Thi Ho v. Recontrust Co., NA*, 858 F.3d 568, further confirms that nonjudicial foreclosure activities may fall under the FDCPA if they include communications or actions directed at recovering a debt. The Court in *Ho* recognized that certain

foreclosure-related conduct may still qualify as debt collection depending on the nature and purpose of the communications involved.

Under Nevada law, a creditor may pursue a deficiency judgment following foreclosure on a home equity loan, as the state's anti-deficiency statutes apply only to original purchase-money loans. Because the lien at issue arises from a home equity loan, not an original or unrevised purchase-money loan, Nevada law permits the recovery of a deficiency judgment, provided the action is brought within six months of the foreclosure sale and complies with fair market value and statutory limits (see NRS 40.455 and NRS 40.458).

III.    Conclusion

Defendants' reliance on *Obduskey* is misplaced. Its actions go well beyond nonjudicial foreclosure by initiating a lawsuit to reinstate an extinguished lien and seek monetary and equitable relief. These are clear indicators of affirmative debt collection efforts, not administrative enforcement of an existing lien. Such conduct falls within the FDCPA's purview, and Defendant cannot avail itself of the exemption reserved for limited, nonjudicial foreclosure functions.

Respectfully submitted,

FREEDOM LAW FIRM, LLC

By: /S/George Haines
    George Haines, ESQ.
    Nevada Bar No.: 9411
    8985 S. Eastern Ave., Suite 100
    Las Vegas, NV 89123
    *Counsel for Plaintiff*
    *Lisa A. Bryant*